IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ERIC PRUDENCIO ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 22-1202-BAH |
| TRIPLE R CONSTRUCTION CORP. ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

Plaintiffs, Juan Carlos Argueta, Fermin Carbajal Cuevas, Ariel Omar Castillo, Elder Pirir Vasquez, Anthony Prudencio, Eric Prudencio, Eledonio Duarte Marroquin, Moises Antonio Prudencio, Jose Erasmo Fuentes, Wilder Naun Leiva, Nersy Irasemy Benitez Perez, Adan Garcia Hernandez, Jose Ramon Gutierrez, Celia Osorio, and Mariana Marcia, brought suit against Triple R Construction Corporation ("Triple R"), Robert Leigh Rodriguez, Evelyn J. Rodriguez (collectively "Rodriguez Defendants"), A.J. Romano Construction, Inc. ("Romano"), Spiniello Companies Inc. ("Spiniello"), and Pleasants Construction Inc. ("Pleasants") (collectively "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–216, and related state laws, including the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-431, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509, and the Maryland Prevailing Wage Law ("MPWL"), Md. Code Ann., State Fin. & Proc. §§ 17-201 to 17-226, and the Davis-Bacon Act, 40 U.S.C. §§ 3148 to 3148. ECF 1 (complaint); ECF 8 (first amended complaint); ECF 48 (second amended complaint).

Only Defendants Triple R and the Rodriguez Defendants remain parties to the case. *See* ECF 81 (order approving motions to voluntarily dismiss Romano, Pleasants, and Spiniello). Pending before the Court is the remaining parties' Joint Motion and Memorandum for Judicial Approval of Offer of Judgment and to Stay Case Pending Conclusion of the Rodriguez Defendants' Bankruptcy Case (the "Motion"). ECF 85. The offer of judgment and Motion concerns only plaintiffs Juan Carlos Argueta, Fermin Carbajal Cuevas, Ariel Castillo,[1] Elder Pirir Vasquez, Anthony Prudencio, Eric Prudencio, Eledonio Duarte Marroquin, Moises Antonio Prudencio, Jose Erasmo Fuentes, Wilder Naun Leiva, and Nersy Benitez (collectively "Plaintiffs").[2] *See* ECFs 83 (notice of acceptance of offer of judgment), 85 (Motion). Attached to the Motion is a declaration of attorney Suvita Melehy. ECF 85-1.[3] The Court has reviewed the Motion and exhibit and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, the Motion is **GRANTED IN PART**. The Court approves the offer of judgment for the eleven Plaintiffs. However, the parties have not provided the Court with sufficient information to determine the reasonableness of the attorneys' fee award. As such, the parties are directed to supplement the Motion with the pertinent information as described below.

---

[1] Plaintiff Ariel Castillo's last name is spelled "Castilo" in the offer of judgment and the Motion, ECF 83-2, at 1; ECF 85, at 1. The Court assumes this is the same person. Wilder Naun Leiva's last name also appears to be misspelled as "Levia" but only in the Motion. *See* ECF 85, at 1.

[2] The four other plaintiffs, Adan Garcia Hernandez, Jose Ramon Gutierrez, Celia Osorio, and Mariana Marcia previously settled their claims with Pleasants. *See* ECFs 78, 81. The parties represent that this "settlement with Pleasants yielded them the maximum damages they were entitled to (a total of three times their unpaid wages) and as a result, they had no claims remaining against Triple R, or any other Defendant." ECF 85, at 3.

[3] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

I.      **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

All fifteen plaintiffs originally brought suit on May 19, 2022. ECF 1. They filed an amended complaint on June 8, 2022, ECF 8, and another with leave of court on March 15, 2023, ECF 48. Plaintiffs allege that while they were employed by Triple R and the Rodriguez Defendants on several construction projects for which Romano, Pleasants, and Spiniello were each general contractors, they were not paid for all hours worked, including for overtime hours. *See generally id.* The second amended complaint brings four claims: violation of the FLSA against Triple R and the Rodriguez Defendants (count I); violation of the MWHL against Triple R and the Rodriguez Defendants (count II); violation of the MWPCL against Triple R, the Rodriguez Defendants, Romano, Pleasants, and Spiniello (count III); and violation of the MPWL against Triple R, the Rodriguez Defendants, Romano, Pleasants, and Spiniello (count IV). *Id.*

Each defendant besides Spiniello answered. ECF 12 (Triple R and Rodriguez Defendants' answer to first amended complaint); ECF 18 (Romano's answer to first amended complaint); ECF 52 (Romano's answer to second amended complaint); ECF 59 (Pleasants' answer to second amended complaint). Before Spiniello answered, the parties informed the Court that Plaintiffs had settled with Romano and Spiniello. ECF 73. The parties jointly moved for voluntarily dismissal of the claims against Romano, Spiniello, and Pleasants after reaching settlement agreements. ECFs 77 and 78. The Court granted these motions and dismissed Romano, Spiniello, and Pleasants.[4] *See* ECF 81.

---

[4] The Court originally ordered the parties to supplement the motions for voluntary dismissal to include sufficient information for the Court to assess the reasonableness of the settlements pursuant to this Court's standard practice for FLSA settlement agreements. ECF 79. The Court later reconsidered that directive upon request of the parties and determined that no further information was needed because Plaintiffs had not alleged any FLSA claims against the settling defendants. *See* ECFs 80 and 81.

On February 16, 2024, Plaintiff filed a Notice of Acceptance of Offer of Judgment from Triple R pursuant to Fed. R. Civ. P. 68.  ECF 83.  Triple R's offer of judgment included the following judgment amounts (including damages for unpaid wages and liquidated damages):

| Plaintiff | Judgement Amount |
|---|---|
| Juan Carlos Argueta | $15,921.20 |
| Fermin Carbajal Cuevas | $15,052.54 |
| Ariel Castillo | $14,072.63 |
| Elder Pirir Vasquez | $8,931.03 |
| Anthony Prudencio | $14,780.07 |
| Eric Prudencio | $15,980.57 |
| Eledonio Duarte Marroquin | $131.64 |
| Moises Antonio Prudencio | $6,305.89 |
| Jose Erasmo Fuentes | $4,146.75 |
| Wilder Naun Leiva | $2,465.69 |
| Nersy Benitez | $3,958.03 |

ECF 83-2, at 1.  The offer of judgment also included $10,000 in attorneys' fees to be paid to Plaintiffs' counsel.  *Id.* at 2.  The Court ordered the parties to file a joint motion to approve the offer of judgment consistent with this Court's practice in FLSA cases.  ECF 84.  The parties did so, ECF 85, and the Motion is now ripe for consideration.

II.    **DISCUSSION**

    A.    **Joint Motion for Judicial Approval of Offer of Judgment**

"Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and . . . are generally not subject to bargaining, waiver, or modification by contract or settlement."  *Saman v. LBDP, Inc.*, Civ. No. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (citing *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945)).  One exception to this general rule is that a court "can approve a settlement

between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

"When parties to an FLSA dispute seek approval of a Rule 68 Offer of Judgment, 'the court will enter judgment when presented with an offer and acceptance only after the court is satisfied that the settlement is a reasonable compromise.'" *Umana v. JMD Restaurants, Inc.*, No. 8:18-CV-00290-PX, 2018 WL 11586028, at *1 (D. Md. Dec. 13, 2018) (quoting *Banegas v. Gen. Lawn Serv. Corp.*, Civ. No. GJH-13-3728, 2014 WL 12740666, at *1 (D. Md. July 17, 2014)); *see also Johnson v. Heartland Dental, LLC*, Civ. No. PJM 16-2154, 2017 WL 2266768, at *1 n.1 (D. Md. May 23, 2017); *Hernandez v. Microfit Auto Parts, Inc.*, Civ. No. TDC 19-0984, 2021 WL 1311579, at *4 (D. Md. Apr. 8, 2021). In determining whether to approve an FLSA settlement agreement, the Court considers the following factors: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement, and (3) the reasonableness of the attorneys fees, if included in the agreement." *Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 365 (D. Md. 2016) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014). The Court addresses each of these factors in turn.[5]

---

[5] The parties posit that "Plaintiffs have already settled their MWPCL claims against Romano, Pleasants and/or Spiniello, for damages equal to two times their respective unpaid wages – the maximum they could recover under the FLSA and MWHL," so, "arguably," the Motion "is not necessary because Plaintiffs have already recovered their FLSA damages from these Defendants." ECF 85, at 3. The point of requiring court-approval of FLSA settlements is to ensure that employees in an imbalanced bargaining position with their employer are not improperly coerced into simply waiving away their statutory rights. *See Saman*, 2013 WL 2949047, at *2; *Lynn's*

### i.  *Bona Fide* Dispute

"Courts in this Circuit generally agree that '[a] *bona fide* dispute exists when an employee makes a claim that he or she is entitled to overtime payment.'"  *Mendoza v. Filo Cafe, LLC*, No. 8:23-CV-2703-AAQ, 2024 WL 964226, at *2 (D. Md. Mar. 5, 2024) (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *16 (E.D. Va. Sept. 28, 2009)).  Courts may look at the pleadings and subsequent filings of the parties, including the proposed settlement agreement itself if presented, to determine whether the case involved a *bona fide* dispute.  *See id.* (citing *Duprey*, 30 F. Supp. 3d at 408); *Saman*, 2013 WL 2949047, at *3.

The Motion does not directly address the existence of a *bona fide* dispute, but the pleadings make clear that the underlying dispute between Plaintiffs and Triple R is in fact *bona fide*.  In relevant part, Plaintiffs allege that Triple R (and the Rodriguez Defendants) violated the FLSA and MWHL by unlawfully withholding Plaintiffs' overtime wages and failing to pay them altogether for some hours worked.  *See* ECF 8 ¶¶ 47–54; ECF 48 ¶¶ 50–57.  Triple R (and the Rodriguez Defendants) denied these allegations.  *See* ECF 12 ¶¶ 47–54 (Triple R and Rodriguez Defendants' answer to first amended complaint).  Thus, there is a *bona fide* dispute.

---

*Food Stores, Inc.,* 679 F.2d at 1354; *Randolph v. PowerComm Const., Inc.*, 41 F. Supp. 3d 461, 465 (D. Md. 2014).  Permitting the parties to forego Court approval because the settlement purports to only involve the state law claims, not the overlapping FLSA claims, would subvert the reason for the requirement in the first place.  *See Banegas*, Civ. No. GJH-13-3728, 2014 WL 12740666, at *1 (D. Md. July 17, 2014) (holding that parties cannot use "Federal Rule of Civil Procedure 68(a) []or 41(a)(1)(A)(ii) . . . as a way to avoid the FLSA requirement that courts review settlements of claims brought under FLSA for reasonableness"); *see also Duprey*, 30 F. Supp. 3d at 408 (finding a motion to dismiss which only concerned an MWPCL claim relevant to the analysis of whether a *bona fide* disputed existed on the FLSA claim).  The settlement agreements with Romano, Spiniello, and Pleasants were not subject to court-approval—at the urging of the parties—because no FLSA claims were brought against those defendants.  But Plaintiffs *did* bring FLSA claims against Triple R and the Rodriguez Defendants, so Court approval of the settlement is necessary.

6

### ii. Fairness and Reasonableness of Offer of Judgment to Plaintiffs

In evaluating the fairness and reasonableness of an FLSA settlement or offer of judgment, the Court considers:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, Civ. No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10).

Here, these factors weigh in favor of finding the offer of judgment fair and reasonable. First, Plaintiffs and Triple R have engaged in "a substantial amount of discovery," including "extensive written discovery." ECF 85, at 4. Second, the offer of judgment was made prior to trial and before any pretrial motions have been briefed, saving significant time and cost to all parties. *See id.* Third, the parties engaged in "extensive and thorough negotiations," without any evidence of fraud or collusion. *See id.* Fourth, Plaintiffs are represented by counsel with considerable employment law litigation experience both in this Court and others. *See id.* at 4–5. Fifth, Plaintiffs' counsel maintains that the offer of judgment "adequately compensates the Plaintiffs for their claims" because the offer reflects "the highest amount [Plaintiffs could] possibly [recover] at trial – their unpaid wages and liquidated damages equal to double the unpaid wages under the MWPCL"—and because "Plaintiffs have already received their maximum FLSA damages from other Defendants." *Id.* at 5. Though the Court does not have the benefit of confirming the math as it does not know how much Plaintiffs received in the earlier settlements, the Court takes as true the parties' representation that this offer of judgment coupled with earlier

7

settlements on the Maryland law claims with other defendants results in Plaintiffs essentially having recovered all that they would be entitled to under the MWPCL.[6] *See id.* at 5–6. Further, should Plaintiffs have succeeded at trial, they would have been entitled to recover attorneys' fees. For these reasons, the offer of judgment is fair and reasonable as to the judgment amounts to each of the Plaintiffs.

### iii. Reasonableness of Attorneys' Fees

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Even where attorneys' fees are negotiated by the parties as part of a settlement agreement, the Court still assesses their reasonableness. *See Johnson*, 2017 WL 2266768, at *4 ("The reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" (quoting *Lane v. Ko-Me, LLC*, Civ. No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011))); *see also, e.g.*, *Umana*, 2018 WL 11586028, at *2 (conducting a lodestar analysis to determine the reasonableness of attorneys' fees as part of offer of judgment).

When determining whether attorneys' fees are reasonable, "the court starts with the 'lodestar' figure, which is the number of hours reasonably expended on the litigation multiplied

---

[6] Prevailing plaintiffs may recover double damages (unpaid wages plus an equal amount in liquidated damages) under the FLSA and MWHL. *See* 29. U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. § 3-427(a). The MWPCL allows recovery of "an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs [treble damages]" when "a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute." Md. Code Ann., Lab & Empl. § 3-507.2(b). Though Plaintiffs have brought this suit pursuant to the FLSA, MWPCL, and MWHL, they may only seek recovery under one theory of liability. *See Prusin v. Canton's Pearls, LLC*, Civ. No. JKB-16-0605, 2017 WL 5126156, at *14 (D. Md. Nov. 6, 2017).

8

by a reasonable hourly rate." *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 787 (D. Md. 2000) (citations omitted). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). The rates outlined in Appendix B to this Court's Local Rules are presumptively reasonable. *See id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Other "[e]vidence of the prevailing market rate usually takes the form of affidavits from other counsel attesting to their rates or the prevailing market rate." *CoStar Grp., Inc.*, 106 F. Supp. 2d at 788.

The Court "appl[ies] the *Johnson/Barber* factors when making its lodestar determination." *Id.* at 320–21 (citing *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir. 1978); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron,* 489 U.S. 87 (1989)). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber,* 577 F.2d at 226 n.28; *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009).

Here, the offer of judgment includes $10,000 in attorneys' fees. Suvita Melehy represents that Melehy & Associates LLC ("M&A"), counsel for Plaintiffs, has incurred approximately $115,000 in fees and $2,893.20 in costs throughout the course of this litigation. *See* ECF 85-1

9

(declaration of attorney Suvita Melehy), at 2.  Ms. Melehy estimates that M&A has spent 400 hours on this case since January 2022.  *Id.*  Ms. Melehy notes that Plaintiffs have already received $88,606.80 in attorneys' fees and the total amount of the costs incurred "through settlement with other Defendants in this case."  *Id.*  She estimates that $26,393 in attorneys' fees remain outstanding.  *Id.*

Nevertheless, the parties have not provided the Court with enough information to conduct a lodestar analysis.  The Motion does not specify how many hours of work the outstanding balance (or the $10,000 negotiated fee amount) covers, who did that work, or what tasks each person performed.  The parties and Ms. Melehy represent that the $10,000 was calculated using the following hourly rates: $675 for Omar Vincent Melehy, $625 for Suvita Melehy, $400 for Andrew Balashov, and $225 for paralegals and law clerks.  *See* ECF 85, at 9; ECF 85-1, at 2.  The parties and Ms. Melehy specify only the amount of experience Ms. Melehy has (almost 30 years).  *See* ECF 85-1, at 1.  Even so, her hourly rate exceeds the presumptively reasonable rate in Appendix B of this Court's Local Rules for attorneys with over twenty years of experienced ($300–475).  The Court, then, cannot find the fees reasonable on the hourly rate alone.  *See de la Cruz v. Gilbane Bldg. Co.*, Civ. No. DLB-23-1703, 2023 WL 5433020, at *3 (D. Md. Aug. 23, 2023) (determining that attorneys' fees were reasonable where counsel did not submit hourly rates or number of hours worked, but did note that "fees were calculated using the rates in Appendix B of this Court's Local Rules, and that the rates they accept for settlement purposes are half of their customary rates").  The parties have not provided any basis on which the Court could rely to justify this upward deviation from the presumptively reasonable hourly rate.  As such, the Court is unable to determine whether the attorneys' fees portion of the offer of judgment is reasonable.  The parties are directed

to supplement the Motion with sufficient information for the Court to conduct a lodestar analysis and determine whether the fees requested are reasonable.

### B. Motion to Stay Case Pending Conclusion of the Rodriguez Defendants' Bankruptcy Case

Finally, the parties also request that the Court stay this case pending resolution of the Rodriguez Defendants' bankruptcy case. The Court will grant this request. Except for the forthcoming supplement about attorneys' fees, the case is STAYED. Upon resolution of the Rodriguez Defendants' bankruptcy case, the parties are directed to file a joint status report updating the Court as to how they intend to proceed.

### III. CONCLUSION

For the foregoing reasons, it is, this 10th day of April, 2024, hereby ORDERED that:

1. The Joint Motion and Memorandum for Judicial Approval of Offer of Judgment and to Stay Case Pending Conclusion of the Rodriguez Defendants' Bankruptcy Case, ECF 85, is GRANTED IN PART;

2. Judgement is entered in favor of Plaintiffs and against Triple R as follows:

| Plaintiff | Judgement Amount |
|---|---|
| Juan Carlos Argueta | $15,921.20 |
| Fermin Carbajal Cuevas | $15,052.54 |
| Ariel Castillo | $14,072.63 |
| Elder Pirir Vasquez | $8,931.03 |
| Anthony Prudencio | $14,780.07 |
| Eric Prudencio | $15,980.57 |
| Eledonio Duarte Marroquin | $131.64 |
| Moises Antonio Prudencio | $6,305.89 |
| Jose Erasmo Fuentes | $4,146.75 |
| Wilder Naun Leiva | $2,465.69 |
| Nersy Benitez | $3,958.03 |

3. The parties directed to supplement the Motion with sufficient information for the Court to determine whether the attorneys' fees portion of the offer of judgment is reasonable within fourteen (14) days;

4. The case is otherwise STAYED; and

5. Upon resolution of the Rodriguez Defendants' bankruptcy case, the parties are to file a joint status report updating the Court as to how they intend to proceed.


Dated: <u>April 10, 2024</u>                                              <u>          /s/          </u>
                                                                          Brendan A. Hurson
                                                                          United States District Judge