**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| ERIC PRUDENCIO ET AL., | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *    Civil No. 22-1202-BAH |
| TRIPLE R CONSTRUCTION CORP. ET AL., | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On April 10, 2024, this Court granted in part the parties' Joint Motion and Memorandum for Judicial Approval of Offer of Judgment and to Stay Case Pending Conclusion of the Rodriguez Defendants' Bankruptcy Case. ECF 85 (motion); ECF 86 (memorandum and order). The Court approved the offer of judgment as to eleven plaintiffs. ECF 86, at 4–8. However, the Court ordered that the parties supplement the motion as to the attorneys' fees as the parties had not provided sufficient information on which the Court could rely to find the fee award reasonable. *Id.* at 8–11. The parties have now done so. ECF 87. For the following reasons, the Court finds the fee award reasonable and approves it. The Joint Motion and Memorandum for Judicial Approval of Offer of Judgment and to Stay Case Pending Conclusion of the Rodriguez Defendants' Bankruptcy Case, ECF 85, is therefore granted in full.

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of

the action." 29 U.S.C. § 216(b). When determining whether attorneys' fees are reasonable,[1] "the court starts with the 'lodestar' figure, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 787 (D. Md. 2000) (citations omitted). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). The rates outlined in Appendix B to this Court's Local Rules are

---

[1] Despite my earlier opinion on the subject, *see* ECF 86, at 8, the parties still maintain that "Court approval of the fees included in the offer of judgment is not required." ECF 87, at 2. In support, the parties cite several out-of-circuit cases, plus two District of Maryland cases: (1) *Grimes v. Hudson Health Servs. Inc.*, Civ. No. MJM-22-2743, 2023 U.S. Dist. LEXIS 95531, at *10, 2023 WL 3740554, at *4 (D. Md. May 31, 2023); and (2) *Lane v. Ko-Me, LLC*, Civ. No. DKC-10-2261, 2011 U.S. Dist. LEXIS 97870, at *6, 2011 WL 3880427, at *2 (D. Md. Aug. 31, 2011). *See* ECF 87, at 2 n.2.

I have reviewed the cases from this District and find that both directly contradict the parties' position. In both cases, the Court *denied* joint motions for approval of FLSA settlement agreements at least in part because of the parties' failure to provide sufficient evidence from which the Court could conduct a lodestar analysis as to attorneys' fees. *See Grimes*, 2023 WL 3740554, at *5 ("In the absence of this evidence, the parties' proposed payment of attorney's fees as part of their FLSA settlement agreement cannot be approved."); *Lane*, 2011 WL 3880427, at *3 ("[A]s to attorneys' fees, there is no basis upon which the court may determine the lodestar amount.").

The parties quote *Lane* for the proposition that "where attorneys' fees [are] negotiated separately from FLSA damages, 'the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" ECF 87, at 2 n.1 (quoting *Lane*, 2011 U.S. Dist. LEXIS 97870, at *6, 2011 WL 3880427, at *2). However, in stating as much, the *Lane* Court was distinguishing its approach from that of the Middle District of Florida. *See Lane*, 2011 WL 3880427, at *2 (citing *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). The parties ignore that in the very next paragraph, Judge Chasanow goes on the explain that the language of the FLSA actually requires that "the reasonableness of the fee award proposed in an FLSA settlement must be *independently* assessed." *Lane*, 2011 WL 3880427, at *3 (emphasis added) (citing and distinguishing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)). "It follows that parties seeking approval of an award of attorneys' fees must provide the court with the means for making this assessment, e.g., declarations establishing the hours expended, broken down for each task, and demonstrating that the hourly rate was reasonable." *Id.*

Because the parties here actually did provide the evidence requested by the Court, I will interpret the parties' citation of these cases as a good faith misreading of the law in this District.

2

presumptively reasonable. *See id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Other "[e]vidence of the prevailing market rate usually takes the form of affidavits from other counsel attesting to their rates or the prevailing market rate." *CoStar Grp., Inc.*, 106 F. Supp. 2d at 788.

The Court "appl[ies] the *Johnson/Barber* factors when making its lodestar determination." *Id.* at 320–21 (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989)). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28; *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009).

Here, the offer of judgment includes $10,000 in attorneys' fees to Melehy & Associates LLC ("M&A"), Plaintiffs' counsel. M&A represents that the total amount of outstanding attorneys' fees in this case (after settlement with other defendants on non-FLSA claims) amounts to $13,210.80,[2] spanning the period from August 25, 2023, through the present. ECF 87, at 2–3;

---

[2] This amount decreased from the $26,393 M&A said was outstanding in the initial joint motion. ECF 85, at 8. "This amount has decreased from the amount set forth in the joint motion because M&A has applied its old normal and customary rates to determine how much of the overall time expended in this case remains outstanding." ECF 87, at 8. "By applying the old rates to the time which is not part of M&A's current requests, the total outstanding fees are $13,210.80." *Id.*

ECF 87-1, at 1–6. By the Court's math, this represents 38.2 hours of work.[3] *See* ECF 87-1, at 1–6. The hourly rates for M&A employees that worked on the case for the time period at issue are $675.00 for Omar Vincent Melehy, $625.00 for Suvita Melehy, $400.00 for Andrew Balashov, and $225.00 for paralegals and law clerks. *See* ECF 85, at 9; ECF 87-1. Mr. Balashov has eight years of experience, ECF 87, at 7, Mr. Melehy has about thirty-seven years, and Ms. Melehy has about twenty-nine years,[4] ECF 87, at 6. The presumptively reasonable rates from this Court's Local Rules are $165–300 for attorneys with five to eight years of experience, $300–475 for attorneys with over twenty years of experience, and $95–150 for paralegals and law clerks.

The parties posit that although these rates exceed those listed in Appendix B of this Court's Local Rules, they are reasonable. ECF 87, at 3–7. The parties argue that an upward deviation is appropriate because the rates outlined in Appendix B have not been updated since 2014, ECF 87, at 4, and because M&A's hourly rates are reflective of prevailing customary rates in the community, *id.* at 5. The parties direct the Court to declarations signed in 2021 by Joseph Espo and Andrew Freeman, both attorneys at Brown, Goldstein & Levy LLP, submitted on M&A's behalf in *Carrera v. EMD Sales Inc.*, Civ. No. JKB-17-3066. *See* ECF 87-2 (Exhibit B, Espo's declaration); ECF 87-3 (Exhibit C, Freeman's declaration).

The Court notes at the outset that in *Carrera*, the Court was not persuaded by Espo's and Freeman's declarations that upward deviation from the Appendix B hourly rates was warranted. *See Carrera*, Civ. No. JKB-17-3066, ECF 294, at 9–10 (D. Md. Aug. 27, 2021). Nevertheless, the

---

[3] This includes 5.9 hours of work for which M&A zeroed out the entries in the total compensation column on the timekeeping chart, presumably as non-compensable time. *See* ECF 87-1.

[4] Though the parties specify only Mr. Balashov's years of experience, the Court gathers Mr. and Ms. Melehy's respective years of experience by adding three years to the years specified in Mr. Espo's 2021 declaration. *See* ECF 87, at 6.

Court finds the award of attorneys' fees reasonable in this case because the fee award requested is less than that which would be calculated using the requested hourly rates ($13,210.80).   Rather, they seek roughly 75% of that amount—$10,000.  The high ends of each of the Appendix B rates are between 66% and 76% of the rates sought.  Thus, decreasing hourly rates to the top of the applicable Appendix B range for each timekeeper would result in a total fee award roughly equivalent to the $10,000 negotiated-for here.  Reviewing the entries in the table at ECF 87-1 and applying the *Johnson/Barber* factors, the hours worked since the August 2023 cutoff are also reasonable.  *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").  Thus, the Court finds the attorneys' fee award reasonable.

## I.   **CONCLUSION**

For the foregoing reasons, the parties' Joint Motion and Memorandum for Judicial Approval of Offer of Judgment and to Stay Case Pending Conclusion of the Rodríguez Defendants' Bankruptcy Case, ECF 85, including the supplement thereto, ECF 87, is GRANTED in its entirety.

The case remains stayed pending the resolution of the Rodríguez Defendants' bankruptcy case.

Dated: <u>May 31, 2024</u>                                                      <u>        /s/        </u>
                                                                                        Brendan A. Hurson
                                                                                        United States District Judge